**Wendy TRAVER, PlaintiffAppellant,**

v.

**TUCSON UNIFIED SCHOOL DISTRICT, Defendant— Appellee.**

**No. 05–15551.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Wendy Traver, Jupiter, FL, pro se.

Kevin Miniat, Esq., Kevin Miniat P.C., Tucson, CA, for Defendant–Appellee.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Wendy Traver appeals pro se the district court's summary judgment in favor of Tucson Unified School District ("TUSD") in her action alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206, the United States Constitution, and state tort claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073 (9th Cir.1999), and we affirm.

The district court properly granted summary judgment to TUSD on Traver's EPA discrimination claim because Traver failed to allege that employees of the opposite sex were paid different wages for equal work. *Id.* Traver's claim that TUSD violated the EPA by paying substitute teachers who retired from TUSD differently than those who did not is unavailing because the EPA only concerns pay disparity between the sexes.

The district court properly dismissed Traver's claim of discrimination under Public Law § 99–150 because her allegations do not concern maximum work hours or overtime pay. *See* Pub.L. § 99–150, Sect. 8, 99 Stat. 791 (1985) (prohibiting discrimination against those employees who have asserted coverage under section 7 of the Fair Labor Standards Act concerning maximum work hours). Traver does not make any claim concerning maximum work hours or overtime pay.

Traver's remaining contention lacks merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.